UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRYAN C., et al., | ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) | 1:21-cv-00005-NT |
| JEANNE M. LAMBREW, et al., | ) ) | |
| Defendants | ) ) | |

### ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

In this matter, Plaintiffs allege that the named minor plaintiffs, who are children in the Maine foster care system, have been administered psychotropic medication without proper oversight and management. (Complaint ¶¶ 5, 8, ECF No. 1.)  Plaintiffs ask the Court for leave for the minor plaintiffs to use pseudonymous names. (Motion, ECF No. 3.) Defendants do not oppose the motion. The Court grants the motion.

### DISCUSSION

While the law recognizes a presumption "of public access to judicial proceedings and records," *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013), other courts in the First Circuit, including this Court, have applied a multi-factor test articulated by the Third Circuit, and permitted parties to proceed under a pseudonym in certain circumstances. *See e.g.*, *Doe v. Regional School Unit 21*, No. 2:19-cv-00341-NT, 2020 WL 2833248 (D. Me. May 29, 2020); *Doe v. Trustees of Dartmouth College*, No. 18-cv-040-LM, 2018 WL

2048385 (D. Mass. May 2, 2018). The following factors govern a court's assessment of a party's request to proceed with a pseudonym:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; ... (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.... [ (7) ] the universal level of public interest in access to the identities of litigants; [ (8) ] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and [ (9) ] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Doe v. Megless*, 654 F.3d 404, 409 (3rd Cir. 2011).

Here, the minor plaintiffs' names have been confidential to this point. The complaint does not include reference to the minor plaintiffs' names and the record lacks any suggestion that the names are known to the public. As to the public interest, the issue is whether "other similarly situated litigants [would] be deterred from litigating claims that the public would like to have litigated" if the minor plaintiffs cannot proceed with pseudonymous names. *Id.* at 410. As Plaintiffs persuasively argue, the public has an interest in protecting the privacy of children in foster care who challenge the system's practices so as not to deter others from participating in future challenges to the system should there be a basis for a challenge. Disclosure of the minor plaintiffs' names would likely give similarly situated individuals pause before participating in future litigation. In addition, the desire to maintain the anonymity of the minor plaintiffs is motivated by

2

legitimate reasons – to maintain their privacy as minors and as recipients of certain medical treatment. *See, e.g.*, *G. v. Fay School*, 931 F.3d 1, 3 n.1 (1st Cir. 2019) (minor sued "under fictitious name to protect his privacy as a minor").  Furthermore, the identity of the minor plaintiffs is not necessary for the public to assess the merits of Plaintiffs' claims and any Court orders regarding Plaintiffs' claims.  In sum, the relevant factors militate in favor of permitting the minor plaintiffs to use pseudonymous names.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiffs' motion for leave to use pseudonymous names.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of January, 2021.