UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF MAINE

| | |
|---|---|
| **Bryan C.** and **Henry B.** through their next friend ) | |
| **Michael P. Dixon**, *et al.*, ) | |
| ) | |
| **Plaintiffs**, ) | C/A No. 1:21-cv-00005-NT |
| v. ) | |
| **Sara Gagné-Holmes** in her official capacity as Acting ) | |
| Commissioner of the Maine Department of Health and ) | |
| Human Services, *et al.*, ) | |
| ) | |
| **Defendants**. ) | |
| ) | |

**PLAINTIFFS' SUMMARY OF COMMENTS AND REQUESTS TO SPEAK AT THE FAIRNESS HEARING IN RESPONSE TO THE NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

Pursuant to the Court's July 19, 2024 Order (ECF No. 122), and in further support of the Joint Motion for Final Approval of Class Action Settlement (ECF No. 123), Plaintiffs hereby transmit and summarize the written comments and requests to speak at the hearing received by Plaintiffs in response to the Notice of Proposed Class Action Settlement (ECF No. 120-1, "Notice"). These submissions are overwhelmingly positive and weigh strongly in favor of final approval of the proposed Settlement Agreement (ECF No. 118-1).

I.  **BACKGROUND**

During the comment period—between August 14, 2024 and September 25, 2024—Plaintiffs' Counsel received seven e-mails from community members with written comments or requests to speak at the hearing. *See* Order Scheduling Final Fairness Hr'g, ECF No. 122. Each of these e-mails complied with the Notice requirements, and each is submitted with the accompanying declaration of Plaintiffs' Counsel Marissa C. Nardi. *See* Notice at 3; Decl. of M. Nardi Attaching Comments and Req. to Speak at the Fairness Hr'g in Resp. to the Notice of Proposed Class Action Settlement ("Nardi Transmittal Decl."), Exs. A-G.

II.  **OVERVIEW**

The seven individuals who submitted a comment or request to speak include a former Named Plaintiff who is now an adult (Nardi Transmittal Decl., Ex. A) and six advocates for children in Maine's foster care system (*Id.*, Exs. B-G). The advocates consist of: (i) the three Next Friends from this action—Ms. Kilgore (*Id.*, Ex. B), Ms. Romano-Shain (*Id.*, Ex. D), and Mr. Dixon (*Id.*, Ex. E); (ii) two other Guardians ad Litem, Mr. Steed (*Id.*, Ex. C) and Mr. Bloom (*Id.*, Ex. F); and (iii) one Court Appointed Special Advocate for children who previously served as the Program Director of a Maine youth shelter, Ms. Carney (*Id.*, Ex. G). All but two of these individuals—Mr. Bloom and Ms. Carney—requested to speak at the hearing. *See infra* at 2-3. Significantly, all submissions that included commentary on the Settlement Agreement expressed support for it. *See id.*, Exs. B, E-G.

1

### A. Support for the Settlement in the Written Comments

The two child advocates who submitted comments without a request to speak at the hearing expressed strong support for the Settlement. *See* Nardi Transmittal Decl., Ex. F ¶ 2 (Mr. Bloom expressed "strong support"); *Id.*, Ex. G ¶ 2 (Ms. Carney expressed "utmost support").

Ms. Carney explained that "having been in the field of child welfare for [her] entire 50-year career, this issue ['of improper use of medications' for 'Maine foster care youth'] first came to [her] attention as a major issue when [she] served as the Program Director of a short-term shelter for youth, many of them in foster care." *Id.*, Ex. G ¶ 3. She explained that she "saw time and time again, young people prescribed medication that had detrimental effects on them, often with contraindications about interactions between different medications that they had been prescribed (often by different doctors)." *Id.* She noticed "little oversight and a lack of awareness by caseworkers or inaction when brought to their attention," as well as "[o]lder youth [who] were unable to advocate for themselves or have a say in what was prescribed" — all issues that are addressed by the Settlement Agreement. *Id.*; *see* Settlement Agreement, ECF 118-1 §§ III.2-3. Ms. Carney concluded that she is "in total agreement with the proposed settlement which will put protocols in place to prevent further harm to Maine's foster children in the future." Nardi Transmittal Decl., Ex. G ¶ 4.

Mr. Bloom explained that as a Guardian ad Litem for over 20 years, he has "been told many stories about children arriving at their new placements and the foster home not knowing and/or not having the child's prescriptions." *Id.*, Ex. F ¶ 7. He is "optimistic that the proposed Settlement Agreement will take meaningful steps towards the better administration of psychotropic medications for children in State custody," "appreciate[s] the provisions that provide more opportunities for the children to be better informed about and involved in their own care," and ultimately "look[s] forward to implementing these new provisions." *Id.*, Ex. F ¶¶ 8-9.

**B. Support for the Settlement in the Requests to Speak at the Hearing**

Five of the seven individuals requested to speak at the Fairness Hearing on November 4, 2024. *See* Nardi Transmittal Decl., Exs. A-E.

Under the Notice, requests to speak at the hearing must include the subject of the testimony. Notice at 3. However, the Notice does not require that the submission itself includes the requestor's commentary on the proposed Settlement Agreement. *Id.* As such, three community members submitted requests to speak overviewing the subject of their testimony but without yet commenting on the Settlement Agreement itself. For example, the Named Plaintiff with lived expertise navigating the Maine foster care and mental health systems wishes to share her "experience as a foster kid and being given psychotropic medications." Nardi Transmittal Decl., Ex. A ¶ 2. Mr. Steed would like to share "how psychotropic medication played a role in [his] work" as a Guardian ad Litem. *Id.*, Ex. C ¶ 2. Ms. Romano-Shain wishes to speak about her "perspective regarding the issue of psychotropic medications over the many years" she served as a Guardian ad Litem. *Id.*, Ex. D ¶ 2.

The other two individuals who submitted requests to speak previewed their support of the Settlement in overviewing their testimony. Mr. Dixon plans to explain that "children in foster care [] have been subjected for years to inadequate administration of psychotropic medications," and though he has "concerns about the proposed settlement's process and substance" that he will explain at the hearing, he will "express [his] support of the settlement" and the "urgency of moving to implementation of solutions for children in foster care." *Id.*, Ex. E ¶ 3. Ms. Kilgore plans "to speak about why this suit was brought for these children [and] also why this settlement will assist them and other children in DHHS custody from further harm in the future." *Id.*, Ex. B ¶ 2.

## CONCLUSION

Plaintiffs received seven submissions in response to the Notice from Next Friends, other advocates for children, and a youth formerly in foster care. All community members who included

3

written commentary expressed support for the Settlement Agreement. This consistently positive response from the community further supports final approval of the Settlement Agreement. Plaintiffs respectfully request that the Court grant the Joint Motion for Final Approval of Class Action Settlement (ECF No. 123) after the Fairness Hearing.

Dated: October 9, 2024

Respectfully submitted,

BERNSTEIN, SHUR, SAWYER & NELSON, P.A.

/s/ *John A. Woodcock III* .
John A. Woodcock III
100 Middle Street
PO Box 9729
Portland, ME 04101
(207) 774-1200
jwoodcock@bernsteinshur.com

CHILDREN'S RIGHTS

/s/ *Marissa C. Nardi* .
Marissa C. Nardi (admitted *pro hac vice*)
Samantha Bartosz (admitted *pro hac vice*)
Stephen Dixon (admitted *pro hac vice*)
Claire R. Glasspiegel (admitted *pro hac vice*)
Madeleine M. Kinney (admitted *pro hac vice*)
88 Pine Street, Suite 800
New York, New York 10005
(212) 683-2210
mnardi@childrensrights.org
sbartosz@childrensrights.org
sdixon@childrensrights.org
cglasspiegel@childrensrights.org
mkinney@childrensrights.org

**ATTORNEYS FOR PLAINTIFFS**