UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRYAN C., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket No. 1:21-cv-00005-NT |
| | ) |
| SARA GAGNÉ-HOLMES in her official capacity as Acting Commissioner of the Maine Department of Health and Human Services, and BOBBI JOHNSON in her official capacity as Director of the Maine Office of Child and Family Services,[1] | ) |
| | ) |
| Defendants. | ) |

**ORDER ON JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

Before me is the parties' joint motion for class certification, final approval of a class action settlement, and final approval of attorneys' fees and costs (ECF No. 123). For the following reasons, the motion is **GRANTED**.

**BACKGROUND**

This lawsuit involves claims by five named plaintiffs who represent a class of children who have been or will be prescribed psychotropic medications while in foster

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Sara Gagné-Holmes is substituted for Jeanne M. Lambrew in her official capacity as the Acting Commissioner of the Maine Department of Health and Human Services, and Bobbi Johnson is substituted for Todd A. Landry in her official capacity as the Director of the Maine Office of Child and Family Services.

care custody in Maine (the "**Class**"). Second Am. Compl. for Injunctive and Declaratory Relief and Req. for Class Action ¶¶ 1–8 (ECF No. 45).[2]

On March 1, 2024, after participating in extensive settlement discussions with the United States Magistrate Judge, the parties moved for preliminary approval of a class action settlement agreement. Joint Mot. for Prelim. Approval of Class Action Settlement (ECF No. 118). On April 3, 2024, the parties filed a joint brief regarding attorney's fees and costs. *See* Joint Suppl. Br. to Joint Mot. for Prelim. Approval (ECF No. 119); Joint Agreement on Mediated Fees (ECF No. 119-1). On July 3, 2024, I granted preliminary approval of the proposed settlement. Order on Joint Mot. for Prelim. Approval of Class Action Settlement ("**Prelim. Approval Order**") (ECF No. 120). Among other things, my order preliminarily approved the parties' proposed settlement agreement, *see* Joint Settlement Agreement ("**Agreement**") (ECF No. 118-1); provisionally certified the proposed Class; appointed Class counsel; approved the proposed notice plan; and directed Class counsel to issue notices to all Class members. Prelim. Approval Order 18. In my order, I also asked the parties to prepare briefing or comments on a provision in the Agreement that would maintain this Court's jurisdiction even after settlement approval and dismissal of the action. Prelim. Approval Order 11 n.5.

The parties jointly moved for final approval on September 11, 2024. Joint Mot. for Final Approval of Class Action Settlement ("**Mot. for Final Approval**") (ECF No.

---

[2] The original and amended complaints were filed by six named plaintiffs through their adult next friends (ECF Nos. 1, 22, 45). One plaintiff was removed after reaching the age of majority (ECF No. 57). *See* Joint Settlement Agreement § I.8 (defining "Named Plaintiffs") (ECF No. 118-1).

2

123). As required by Federal Rule of Civil Procedure 23(e), I held a final fairness hearing on November 4, 2024. Order Scheduling Final Fairness Hr'g (ECF No. 122); Minute Entry (ECF No. 127). Five individuals spoke at the hearing in favor of the Agreement, including three adults serving as next friends in the lawsuit, one young woman who was a named plaintiff until she reached the age of majority, and one community member not directly involved in the litigation.[3]

## DISCUSSION

I now consider whether to certify the Class and finally approve the Agreement, including Class counsel's request for attorney's fees and the Agreement's provision on this Court's continuing jurisdiction.

### I. Class Certification

I begin by determining whether the proposed Class meets the requirements for certification for settlement purposes under Federal Rule of Civil Procedure 23. *See* Fed. R. Civ. P. 23(a).[4] The Class consists of "children who are or will be in Defendants' foster care custody and who are or will be prescribed one or more Psychotropic Medication[s] while in state care." Agreement § I.12; Mot. for Final Approval 5.

In my preliminary approval order, I found the Class satisfied Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of

---

[3]   *See* Pls.' Summ. of Comments and Requests to Speak at the Fairness Hr'g in Response to the Notice of Proposed Class Action Settlement ("**Pls.' Summ. of Comments**") (ECF No. 124).

[4]   *See also Anderson v. Team Prior, Inc.*, No. 2:19-cv-00452-NT, 2022 WL 16531690, at *3 (D. Me. Oct. 28, 2022) ("A class proposed to be certified for settlement purposes must meet the class action requirements prescribed in Rule 23(a) and (b).") (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620–22 (1997)).

representation. Prelim. Approval Order 11–14. I also found the Class satisfied Rule 23(b)(2) because the Defendants "acted or refused to act on grounds that apply generally" to all Class members, such that final injunctive or declaratory relief "is appropriate respecting the [C]lass as a whole. Fed. R. Civ. P. 23(b)(2)." Prelim. Approval Order 15. The parties assert that "[n]othing has changed" since my preliminary approval order "that would alter the propriety of certification of the Class." Mot. for Final Approval 6. Accordingly, further analysis is unnecessary, and the Class is hereby certified for settlement purposes under Rule 23.[5]

## II. Settlement Approval

I now turn to the proposed settlement. Under Rule 23(e), to approve a proposed settlement for a Rule 23(b)(2) class, I am required to: (1) ensure that reasonable notice has been given to all class members; (2) determine "after a hearing" that the proposed settlement is "fair, reasonable, and adequate"; (3) require the parties to identify "any agreement made in connection with the proposal"; and (4) provide an opportunity for class member objections. *Scovil v. FedEx Ground Package Sys., Inc.*, No. 1:10-cv-515-DBH, 2014 WL 1057079, at *2 (D. Me. Mar. 14, 2014) (quoting Fed. R. Civ. P. 23(e)).

---

[5] Other courts have found classes of children in foster care custody to satisfy the requirements of Rule 23(b). *See, e.g.*, *D.G. v. Devaughn*, 594 F.3d 1188, 1192 (10th Cir. 2010) (affirming the certification of a class of foster children in Oklahoma); *M.B. v. Corsi*, 327 F.R.D. 271, 278–80 (W.D. Mo. 2018) (certifying a class of foster children challenging Missouri's use of psychotropic drugs); *Connor B. ex rel. Vigurs v. Patrick*, 272 F.R.D. 288, 292 (D. Mass. 2011) (certifying a class of children challenging various failures by Massachusetts's foster care system); *Hawkins ex rel. Hawkins v. Comm'r of N.H. Dep't of Health & Human Servs.*, No. Civ. 99-143-JD, 2004 WL 166722, at *4 (D.N.H. Jan. 23, 2004) (challenging New Hampshire's foster care system's failure to provide dental services).

4

Here, there was a final fairness hearing; no side agreements exist (ECF No. 130); and no objectors have appeared. Fed. R. Civ. P. 23(e)(2), (3), (5). The remaining issues are whether (A) the Class members received reasonable notice, *id.* 23(e)(1); and (B) the settlement is "fair, reasonable, and adequate," *id.* 23(e)(2).

### A. Notice to Class Members

After my preliminary approval, the parties effectuated notice consistent with their proposed plan and sufficient to satisfy the Federal Rules of Civil Procedure and due process. Prelim. Approval Order 17; Mot. for Final Approval 15–17. *See* Fed. R. Civ. P. 23(e)(1)(B) (requiring courts to "direct notice in a reasonable manner to all class members who would be bound" by a settlement). The record indicates that the notice practices were "reasonably calculated to reach the absent class members." *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 56 (1st Cir. 2004) (internal citation omitted); *accord Michaud v. Monro Muffler Brake, Inc.*, No. 2:12-cv-00353-NT, 2015 WL 1206490, at *10 (D. Me. Mar. 17, 2015). Moreover, no Class member filed an objection, objected at the fairness hearing, or opted out of the settlement.[6] Accordingly, the notices satisfy Rule 23(e) and due process.

### B. Agreement Terms

To determine whether to finally approve the settlement, I consider whether it is "fair, reasonable, and accurate" based on the four factors enumerated under Rule

---

[6] The parties submitted detailed documentation of their notice practices. *See* Decl. of M.C. Nardi in Supp. of Joint Mot. for Final Approval of Class Action Settlement ¶¶ 3–7 (ECF No. 123-1) (describing the notice and comment process); Aff. of B. Gutierrez in Her Capacity as Communication and Compliance Manager ¶ 4 (ECF No. 123-3) (describing the dissemination of the notice of proposed class action settlement); Pls.' Summ. of Comments 2 (describing comments as "overwhelmingly positive and weigh[ing] strongly in favor of final approval of the proposed Settlement Agreement").

23(e)(2), which I analyzed in my preliminary approval order. Prelim. Approval Order 8–11. Because the parties assure me that "no new circumstances have altered the assessment of any factor" relevant to that analysis, Mot. for Final Approval 8, I now adopt the analysis contained in my preliminary approval order. Only two issues merit further discussion: (1) Class counsel's requested attorney's fees; and (2) the issue of this Court's continuing jurisdiction.

        1.    **Attorney's fees**

In my earlier order, I found the proposed attorney's fee award of $675,000 reasonable at that preliminary stage. Fed. R. Civ. P. 23(e)(2)(C)(iii); Prelim. Approval Order 10. *See* Fed. R. Civ. P. 23(h) (providing that a court approving a class action settlement agreement "may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement"); *Noll v. Flowers Foods Inc.*, No. 1:15-cv-00493-LEW, 2022 WL 1438606, at *8 (D. Me. May 3, 2022) ("It falls to the court to ensure that any award of attorney's fee[s] is fair."). Class counsel has since submitted additional documentation showing that the requested amount "represents a significant reduction from the over $1 million amount that [they] could reasonably have sought in a contested fee application." Mot. for Final Approval 12; Decl. of M.C. Nardi in Supp. of Joint Mot. for Final Approval of Class Action Settlement ¶¶ 12–17 (ECF No. 123-1) (calculating the amounts the Plaintiffs could have sought under a lodestar analysis applying either party's proposed rates); *see also* App'x: Materials in Supp. of Pls.' Fee Calculations (ECF No. 123-2). Moreover, as noted in my preliminary

6

approval order, I find the fees reasonable after reviewing those awarded in class actions concerning other states' foster care systems. Prelim. Approval Order 10–11.[7]

### 2. Retaining jurisdiction

Finally, I consider the provision of the parties' Agreement concerning this Court's continuing jurisdiction over this action. *See* Agreement § IV.1.B. District courts have authority to retain jurisdiction over a case when the "obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *see also Commonwealth Sch., Inc. v. Commonwealth Acad. Holdings LLC*, 994 F.3d 77, 84 (1st Cir. 2021) ("[A] district court may retain jurisdiction to enforce a settlement in a dismissed case as long as the order of dismissal either incorporates the settlement agreement or explicitly reserves jurisdiction to enforce the settlement."). Courts in this District frequently retain jurisdiction for the limited purpose of enforcing settlement agreements. *See, e.g.*, *Anderson v. Team Prior, Inc.*, No. 2:19-cv-00452-NT, 2022 WL 16531690, at *7 (D. Me. Oct. 28, 2022); *Venegas v. Glob. Aircraft Serv., Inc.*, No. 2:14-cv-249-NT, 2017 WL 2730025, at *4 (D. Me. June 26, 2017). The parties also cite several out-of-circuit examples of courts retaining

---

[7]  *See, e.g.*, *M.B. v. Tidball*, No. 2:17-cv-4102-NKL, 2020 WL 1666159, at *2, 20 (W.D. Mo. Apr. 3, 2020), *aff'd sub nom. M.B. by Eggemeyer v. Tidball*, 18 F.4th 565 (8th Cir. 2021) (awarding $3,253,651.25 in fees and $132,907.56 in expenses in a class action concerning a foster care system's use of psychotropic drugs that settled two years after filing); *M.B. v. Howard*, 555 F. Supp. 3d 1047, 1092 (D. Kan. 2021) (awarding $2,225,306.64 in fees and $72,305.15 in expenses in a class action complaint concerning a foster care system's mental health policies that settled 18 months after filing).

jurisdiction in cases specifically involving claims against state foster care systems. Mot. for Final Approval 17–18 (collecting cases).

Here, I exercise my discretion to approve the provision on continued jurisdiction based in part on its temporal and substantive limitations, which I discussed with counsel for both parties at the final fairness hearing. For example, this Court's jurisdiction will continue only "for as long as the Agreement remains in effect," Agreement § IV.1.B., which is limited to "five . . . years from the date the Implementation Reviewer's contract begins," *id.* § IV.1.B.a. Any modification to that five-year expiration date must be requested by the parties and approved by the Court. *Id.* § IV.1.B.a.i.–ii. Moreover, the Court may only exercise its continuing jurisdiction for the limited purpose of "enforc[ing] and ensur[ing] compliance with the terms of the Agreement." *Id.* § IV.1.B. *See generally* Mot. for Final Approval 17–19.

## CONCLUSION

For the reasons stated above, I **GRANT** the parties' joint motion for Class certification, final approval of the Agreement, and attorneys' fees and costs (ECF No. 123). The case is **DISMISSED** without prejudice according to the terms of the Agreement. Without affecting this order's finality, this Court shall retain jurisdiction over this matter consistent with the terms of the Agreement.

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated this 27th day of November, 2024.